UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS RODRIGUEZ MENA, | Case No.: 1:24-cv-08695 |
| Plaintiff, | |
| v. | |
| ALEX LARSON SHULTZ, OVERHERE LIMITED, CLINTON SO, AND TUAH THE MOON FOUNDATION, | |
| Defendants. | |

## DEFENDANT ALEX LARSON SHULTZ'S ANSWER TO

## CLASS ACTION COMPLAINT

Defendant Alex Larson Shultz ("Mr. Shultz"), through his undersigned counsel, responds to the allegations in Plaintiffs' Class Action Complaint ("the Complaint") as follows:

## I.    NATURE OF THE ACTION

1.    Mr. Shultz admits that this action purports to relate to the promotion and sale of the Hawk Tuah cryptocurrency memecoin known as the "$HAWK" token; denies the remaining allegations of Paragraph 1 of the Complaint as to Mr. Shultz; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the Complaint as to Overhere Limited, Clinton So and Tuah The Mont Foundation (collectively, the "Other Defendants") and denies them on that basis.

2.    Mr. Shultz denies the allegations of Paragraph 2 of the Complaint as to Mr. Shultz; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint as to the Other Defendants, and denies them on that basis.

3.	Mr. Shultz denies the allegations of Paragraph 3 of the Complaint as to Mr. Shultz; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint as to the Other Defendants, and denies them on that basis.

4.	Mr. Shultz denies the allegations of Paragraph 4 of the Complaint as to Mr. Shultz; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint as to the Other Defendants, and denies them on that basis.

5.	Mr. Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Welsh's involvement and reputation and to the perceptions of her followers and potential investors; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint as to the Other Defendants; and denies the remaining allegations of Paragraph 5 of the Complaint as to Mr. Shultz.

6.	Mr. Shultz admits that the Token launched on the Solana blockchain, that the Token launched with a market capitalization of $116.69 million, that the market value surged to $491 million, and that it later plunged more than 90% in value. Mr. Shultz denies the remainder of the allegations of Paragraph 6 of the Complaint.

7.	Mr. Shultz denies that the $HAWK token exhibits characteristics of an unregistered security, denies that a common enterprise exists, denies that there are indications of the $HAWK token's status as a security, and denies that the $HAWK token requires registration; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint as to the activities of investors, as well as the allegations of

Paragraph 7 of the Complaint as to the Other Defendants, and denies them on that basis; and denies the remaining allegations of Paragraph 7 of the Complaint as to Mr. Shultz.

8.      Mr. Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 of the Complaint, and denies them on that basis.

9.      Mr. Shultz admits that he is not aware that any registration statement has been filed with the U.S. Securities and Exchange Commission ("SEC") to register the Token for sale; and denies the remainder of Paragraph 9 of the Complaint.

10.      Mr. Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10 of the Complaint, and denies them on that basis.

11.      Mr. Shultz denies the allegations of Paragraph 11 of the Complaint.

## II.      JURISDICTION AND VENUE

12.      Mr. Shultz admits that this Court has jurisdiction over the purported subject matter of this action; and denies the remaining allegations of Paragraph 12 of the Complaint. Specifically, Mr. Shultz denies that the activities described in the Complaint depict a sale of securities under the Securities Act, 15 U.S.C. $\S77b(a)(1)$.

13.      Mr. Shultz denies that this Court has personal jurisdiction over him personally; Mr. Schultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation of Paragraph 13 of the Complaint as to the Other Defendants.

14.      Mr. Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint, and denies them on that basis.

15. Mr. Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint as to the Other Defendants; and denies the allegations of Paragraph 15 of the Complaint as to Mr. Shultz.

## III. PARTIES

16. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16 of the Complaint, and denies them on that basis.

17. Mr. Shultz admits that he has used the persona "Doc Hollywood" in some online accounts for other ventures; admits he is a resident of Los Angeles California; and denies the other allegations of Paragraph 17 of the Complaint.

18. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint, and denies them on that basis.

19. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19 of the Complaint, and denies them on that basis.

20. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 20 of the Complaint, and denies them on that basis.

/ / /

/ / /

/ / /

/ / /

## IV.  FACTUAL ALLEGATIONS

### A.  Background on Memecoins and the $HAWK Token

21.    . Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint, and denies them on that basis.

22.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint, and denies them on that basis.

23.    Mr. Shultz admits that the Token is a memecoin as that term is understood in the industry; and denies the remainder of Paragraph 23 of the Complaint.

24.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 of the Complaint, and denies them on that basis.

25.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint, and denies them on that basis.

26.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint, and denies them on that basis.

27.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 of the Complaint, and denies them on that basis.

28.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 of the Complaint, and denies them on that basis.

29.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 of the Complaint, and denies them on that basis.

30.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint, and denies them on that basis.

31.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint, and denies them on that basis.

32.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 of the Complaint, and denies them on that basis.

**B.      Hailey Welch**.

33.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 of the Complaint, and denies them on that basis.

34.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34 of the Complaint, and denies them on that basis.

35.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 of the Complaint, and denies them on that basis.

36.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 of the Complaint, and denies them on that basis.

**C.      The $HAWK Token**.

37.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 of the Complaint, and denies them on that basis.

38.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the Complaint, and denies them on that basis.

39.     Mr. Shultz denies the allegations of Paragraph 39 of the Complaint.

40.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 of the Complaint, and denies them on that basis.

41.     Mr.  Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint as to Welch, and denies them on that basis; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 of the Complaint as to the Other Defendants, and denies then on that basis; and denies the remaining denies the allegations of Paragraph 41 of the Complaint as to Mr. Shultz.

42.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42 of the Complaint, and denies them on that basis.

43.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43 of the Complaint, and denies them on that basis.

44.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44 of the Complaint, and denies them on that basis.

45.     Mr.  Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 of the Complaint as to as to the Other Defendants and denies them on that basis; and denies the remaining allegations of Paragraph 45 of the Complaint as to Mr. Shultz.

46.     Mr.  Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 of the Complaint, and denies them on that basis.

47.     Mr.  Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 47 of the Complaint, and denies them on that basis.

48.     Mr.  Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48 of the Complaint, and denies them on that basis.

49.     Mr. Shultz and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49 of the Complaint, and denies them on that basis.

50.     Mr. Shultz admits the Token launched on December 4, 2024 at 22:00 UTC on the Solana blockchain; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50 of the Complaint.

51.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 of the Complaint, and denies them on that basis.

52.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52 of the Complaint, and denies them on that basis.

53.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53 of the Complaint, and denies them on that basis.

54.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54 of the Complaint, and denies them on that basis.

55.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55 of the Complaint, and denies them on that basis.

56. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 56 of the Complaint, and denies them on that basis.

57. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 57 of the Complaint, and denies them on that basis.

58. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 58 of the Complaint, and denies them on that basis.

59. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 of the Complaint, and denies them on that basis.

60. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 of the Complaint, and denies them on that basis.

61. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 of the Complaint, and denies them on that basis.

62. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 of the Complaint, and denies them on that basis.

63.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63 of the Complaint, and denies them on that basis.

64.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 of the Complaint, and denies them on that basis.

**D.      $HAWK Tokens are Securities Subject to Regulations Under the Securities Act**

65.     Paragraph 65 of the Complaint makes a statement of law for which no response is required, and does not state any factual allegations.  To the extent a response is required, Mr. Shulz denies the allegations of Paragraph 65 of the Complaint..

66.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66 of the Complaint, and denies them on that basis.

67.     Mr. Shultz denies the allegations of Paragraph 67 of the Complaint.

68.     Mr. Shultz denies the allegations of Paragraph 68 of the Complaint, and further denies that any admission by Defendant So could transform the Token into a security.

**i.      The $HAWK Involved a Common Enterprise**

69.     Mr. Shultz denies the allegations of Paragraph 69 of the Complaint.

70.     Mr. Shultz denies the allegations of Paragraph 70 of the Complaint.

71.     Mr. Shultz denies the allegations of Paragraph 71 of the Complaint.

72.     Mr.  Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 72 of the Complaint, and denies them on that basis.

73. Mr. Shultz denies the allegations of Paragraph 73 of the Complaint.

74. Mr. Shultz denies the allegations of Paragraph 74 of the Complaint.

75. Mr. Shultz denies the allegations of Paragraph 75 of the Complaint.

76. Mr. Shultz lacks knowledge or information sufficient to form a belief as to th truth or falsity of the allegations of Paragraph 76 of the Complaint, and denies them on that basis.

77. Mr. Shultz denies the allegations of Paragraph 77 of the Complaint.

78. Mr. Shultz denies the allegations of Paragraph 78 of the Complaint.

79. Mr. Shultz denies the allegations of Paragraph 79 of the Complaint.

80. Mr. Shultz denies the allegations of Paragraph 80 of the Complaint.

81. Mr. Shultz denies the allegations of Paragraph 81 of the Complaint.

### ii. The $HAWK Tokens Were Sold and Purchased With the Expectation of Profits from the Efforts of Others

82. Mr. Shultz denies the allegations of Paragraph 82 of the Complaint.

83. . Mr. Shultz denies the allegations of Paragraph 83 of the Complaint.

84. Mr. Shultz denies the allegations of Paragraph 84 of the Complaint.

85. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 85 of the Complaint as to Welsh and the Other Defendants, and denies them on that basis; and denies the allegations of Paragraph 85 of the Complaint as to Mr. Shultz.

86. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 86 of the Complaint, and denies them on that basis.

87.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 87 of the Complaint, and denies them on that basis.

88.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88 of the Complaint, and denies them on that basis.

89.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 80 of the Complaint, and denies them on that basis.

90.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 90 of the Complaint, and denies them on that basis.

91.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 91 of the Complaint, and denies them on that basis.

92.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 92 of the Complaint, and denies them on that basis.

93.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 93 of the Complaint, and denies them on that basis.

94.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 94 of the Complaint, and denies them on that basis.

### iii.     The Sale and Purchase of the $HAWK Took place in the United States

95.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 95 of the Complaint, and denies them on that basis.

96.      Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 96 of the Complaint, and denies them on that basis.

97.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 97 of the Complaint, and denies them on that basis.

98.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 98 of the Complaint, and denies them on that basis.

99.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 99 of the Complaint, and denies them on that basis.

100.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 100 of the Complaint, and denies them on that basis.

101.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 101 of the Complaint, and denies the on that basis.

102.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102 of the Complaint, and denies them on that basis.

103.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 103 of the Complaint, and denies them on that basis.

104.     Mr. Shultz admits that he resides in the U.S.; and denies the remaining allegations of Paragraph 104 of the Complaint.

105.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 105 of the Complaint, and denies them on that basis.

**E.      The Sale of the $HAWK Token Violated the Securities Act**

106.     Paragraph 106 of the Complaint makes a statement of law for which no response is required, and does not state any actual allegations. To the extent a response is required, Mr. Shultz denies the allegation of Paragraph 106 of the Complaint.

107.     Paragraph 107 of the Complaint makes a statement of law for which no response is required, and does not state any actual allegations. To the extent a response is required, Mr. Shultz denies the allegation of Paragraph 107 of the Complaint.

108.     Mr. Shultz admits that he is currently unaware that a registration statement has been filed for the Token; denies that a registration statement is required for the Token; and denies the remainder of the allegations of Paragraph 108 of the Complaint.

109.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 109 of the Complaint concerning sales and solicitations of Tokens, and denies them on that basis; denies that he used platforms to sell the Token; denies that registering Tokens with the SEC is require, and denies the remaining allegations of Paragraph 109 of the Complaint

**F.      The Defendants Are Not Liable to Plaintiffs and the Class**
**For the Sale of Unregistered Securities**
**Pursuant to Section 12(a)(1) of the Securities Act**

110.     Paragraph 110 of the Complaint makes a statement of law for which no response is required, and does not state any actual allegations.  To the extent a response is required, Mr. Shultz denies the allegation of Paragraph 110 of the Complaint.

111.     Paragraph 111 of the Complaint makes a statement of law for which no response is required, and does not state any actual allegations.  To the extent a response is required, Mr. Shultz denies the allegation of Paragraph 111 of the Complaint.

112.     Mr. Shultz denies the allegations of Paragraph 112 of the Complaint.

113.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 113 of the Complaint, and denies them on that basis.

114.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 114 of the Complaint, and denies them on that basis.

G.      **Plaintiffs' and the Class's**
        **Section 12(a)(1) Securities Act Claims Are Not Timely**

115.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 115 of the Complaint, and denies them on that basis.

116.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 116 of the Complaint, and denies them on that basis.

## V.      CLASS ACTION ALLEGATIONS

117.    Mr. Shultz admits that the Complaint purports to bring a class action under Rule 23; lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 117 of the Complaint as to the Other Defendants and denies them on that basis; and denies the allegations of Paragraph 117 of the Complaint as to Mr. Shultz.

118.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 118 of the Complaint as to the alleged members of the purported class, and as to the Other Defendants, and denies them on that basis; and denies the allegations of Paragraph 118 of the Complaint as to Mr. Shultz.

119.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 119 of the Complaint, and denies them on that basis.

120.    Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 130 of the Complaint, and denies them on that basis.

121. Mr. Shultz denies that the $HAWK Tokens are securities under the Securities Act; denies that offerings and sales of the Tokens violate the registration provisions of the Securities Act; denies that members of the purported class sustained damages; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 121 of the Complaint, and denies them on that basis.

122. Mr. Shultz denies that the allegations of Paragraph 122 of the Complaint.

123. Mr. Shultz denies that the allegations of Paragraph 123 of the Complaint.

124. Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 124 of the Complaint, and denies them on that basis.

## VI. CAUSES OF ACTION

### COUNT 1

**For violations of Sections 5 and 12(a)(1) of the Securities Act
Against All Defendants**

125. Mr. Shultz repeats his responses to the allegations of Paragraphs 1 through 124 of the Complaint.

126. Paragraph 126 of the Complaint does not state any factual allegations and requires no response. To the extent a response is required, Mr. Shultz denies the allegations of Paragraph 126 of the Complaint.

127. Paragraph 127 of the Complaint does not state any factual allegations and requires no response. To the extent a response is required, Mr. Shultz denies the allegations of Paragraph 127 of the Complaint.

128.     Paragraph 128 of the Complaint does not state any factual allegations and requires no response.  To the extent a response is required, Mr. Shultz denies the allegation of Paragraph 128 of the Complaint.

129.     Mr. Shultz denies the allegations of Paragraph 129 of the Complaint.

130.     Mr. Shultz admits that he is not aware that the Token was registered as a security with the SEC; denies that the Token is required to be register as a security with the SEC; and denies the remainder of Paragraph 130 of the Complaint.

131.     Mr. Shultz denies the allegations  of Paragraph 131 of the Complaint.

132.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 132 of the Complaint, and denies them on that basis.

133.     Mr. Shultz denies that the allegations of Paragraph 133 of the Complaint.

134.     Mr. Shultz lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 134 of the Complaint, and denies them on that basis.

## **AFFIRMATIVE DEFENSES**

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     On or about February 27, 2025, the SEC Staff clarified that meme coins, like $HAWK  Tokens, are not securities.

3.     Persons who offer and sell meme coins, like $HAWK Tokens, are net required to register transactions with the SEC.

4.     Persons who offer and sell meme coins, like $HAWK Tokens, do not violate Section 5 or Section 12(a)(1) of the Securities Act based on failure to register with the SEC.

5. Mr. Shultz is not individually liable for the acts or admissions of other persons and entities, including corporations owned by Mr. Shultz and corporations for which Mr. Shultz is a Director or an Officer.

6. There is no personal jurisdiction over Mr. Shultz.

7. Venue is improper in this District as to Mr. Shultz.

8. Plaintiff is precluded from obtaining damages from Mr. Shultz.

9. Plaintiff's claims for damages are barred to the extent that Plaintiff failed to mitigate its damages.

10. Plaintiff's clam ae barred by the applicable Statute of Limitations or the doctrine of laches.

11. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel,

12. Plaintiff and the members of the purported class are not similarly situated, and the alleged claims of the purported class member are variable.

13. Mr. Shultz requests that the Court grant leave to amend this answer to allow additional defenses once additional information is discovered that will allow any additional defenses to be known by Mr. Shultz.

**WHEREFORE**, Mr. Shultz prays for judgment:

A. Dismissing the Complaint with prejudice;

B. Denying certification of the purported class alleged by Plaintiff;

C. Awarding Mr. Shultz his costs in defending this suit, including reasonable attorney's fees and expert costs; and

D. Awarding such further and additional relief as the Court deems just and proper.

DATED: June 20, 2025

ZUBER LAWLER LLP

By: _/s/ Mark H. Bloomberg_
    Jeffrey J. Zuber
    NY State Bar No. 3892692
    jzuber@zuberlawler.com

    Mark H. Bloomberg
    NY State Bar No. 1982271
    mbloomberg@zuberlawler.com

260 Madison Avenue, Suite 8021
New York, New York 10016   USA
+1 (212) 899-9830

*Attorneys for Defendants*

4403-1002 / 4138837.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of June, 2025, I electronically filed the

foregoing **DEFENDANT ALEX LARSON SHULTZ'S ANSWER TO CLASS ACTION**

**COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

> Wolf Popper LLP
> 845 Third Avenue 12th Floor
> New York, NY 10022
>
> Chet Waldman
> cwaldman@wolfpopper.com
>
> Robert Finkel
> rfinkel@wolfpopper.com

>                                    */s/ Mark H. Bloomberg*
>                                    Mark H. Bloomberg
>                                    Attorneys for Defendants